**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO HERNANEZ-CARRANZA, | No. 22-158 |
| Petitioner, | Agency No. A206-409-657 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Alejandro Hernanez-Carranza, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") decision

affirming the Immigration Judge's ("IJ") denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). We review the BIA's "legal conclusions de novo and its factual

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Substantial evidence supports the BIA's determination that Hernanez-Carranza's asylum and withholding of removal claims fail because he did not establish a nexus between his claimed or feared harm and any statutorily protected ground. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal."). Although "the line between 'animus' (providing nexus) and 'purely personal retribution' (no nexus) is a fine one," *Garcia v. Wilkinson*, 988 F.3d 1136, 1145 (9th Cir. 2021), the harm Hernanez-Carranza suffered was based purely on personal retribution stemming from rumors of infidelity between Hernanez-Carranza and a suspected cartel member's wife. This is insufficient to establish the required nexus. *See Antonyan v. Holder*, 642 F.3d 1250, 1256 (9th Cir. 2011) ("Purely personal retribution is, of course, not persecution on account of political opinion." (quoting *Grava v. I.N.S.*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000))).

The BIA did not err in concluding that Hernanez-Carranza is not eligible for relief under the CAT. The death threats the suspected cartel member made against Hernanez-Carranza and the fistfight between the two men, without more, do not show that "it is more likely than not" Hernanez-Carranza would be

"subject to harm amounting to torture . . . by or with the acquiescence of a public official" if he returns to Mexico.  *See Garcia*, 988 F.3d at 1147.

**PETITION DENIED.**